UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD BUCKNER,

    Plaintiff,

v.

HDSP CHAPLAIN DAVE CASALEGGIO, *et al*.,

    Defendants.

Case No. 2:08-CV-00254-KJD-GWF

**ORDER**

Presently before the Court is Defendants' Motion to Dismiss (#10). Plaintiff filed a response in opposition (#14).

I.  Background

In his complaint, Plaintiff asserts that he is an Orthodox Sunnah Muslim ("OSM") incarcerated at High Desert State Prison ("HDSP"). Plaintiff alleges that Defendants have violated his constitutional rights by requiring his Orthodox Sunnah Muslim congregation to worship at the same time and location as the Nation of Islam ("NOI") congregation. Plaintiff alleges that Defendants have substantially burdened his free exercise of religion by denying OSM members the ability to conduct separate group religious services in a separate room in the HDSP chapel. Instead, OSM congregants are required to conduct joint Juma'h religious services each week with NOI

congregants.

Further Plaintiff alleges the OSM members are led in worship services bi-weekly by NOI religious leaders.  Plaintiff also alleges that similarly situated Christian congregations are allowed to conduct separate group worship religious services each week in separate rooms in the HDSP chapel.  Plaintiff sued Defendants in their official and individual capacities.  Plaintiff asserts that these actions violate his rights under the Religious Land Use and Incarcerated Persons Act ("RLUIPA"), the First and Fourteenth Amendments, and the Equal Protection Clause amongst others.  Defendant have now moved to dismiss Plaintiff's claims.

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss for failure to state a claim under FRCP 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences which may be drawn from such allegations.  See Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The allegations in the complaint also must be construed in the light most favorable to the nonmoving party.  See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  The purpose of a motion to dismiss under FRCP 12(b)(6) is to test the legal sufficiency of the complaint.  See North Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  If the motion is to be granted, it must appear to a certainty that Plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint.  See Symington, 51 F.3d at 1484.

The court should not dismiss a complaint under FRCP 12(b)(6) "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Yamaguchi v. U.S. Dept. of the Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997).  In ruling on a 12(b)(6) motion, the Court must examine the complaint to determine whether it contains sufficient factual allegations "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  "Evidence outside the complaint should not be considered in ruling on a motion to dismiss."  Arpin v. Santa

Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001). In examining the complaint, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001), citing, Assoc. General Contractors v. Met. Water Dist., 159 F.3d 1178, 1181 (9th Cir. 1998). The court may dismiss a complaint for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." Henkle v. Gregory, 150 F. Supp. 1067, 1071 (D. Nev. 2001), quoting, Smilecare Dental Group v. Delta Dental Plan, 88 F.3d 780, 783 (9th Cir. 1996), quoting, Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

III.  Analysis

Defendants have moved to dismiss Plaintiff's claims against the individual defendants as barred by qualified immunity, Plaintiff's claims under the Religious Freedom Restoration Act ("RFRA"), Plaintiff's claims under the First Amendment, Equal Protection and Due Process Clauses, and Plaintiff's state law claims.

A. Qualified Immunity

Officials of the Executive Branch exercising discretionary functions generally enjoy qualified immunity for actions within the scope of their official duties. See Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). Qualified immunity applies unless a defendant's conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Hope v. Pelzer, 536 U.S. 730, 752 (2002) (internal quotation omitted). Originally, in order to determine whether a government official is entitled to qualified immunity, a court first had to address whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant violated a statutory or constitutional right. See, i.e., Resnick v. Adams, 348 F.3d 763, 766-67 (9th Cir. 2003). If "a violation could be made out" the court then had to decide whether the right was clearly established. Id. "The plaintiff bears the burden of showing that the right he alleges to have been violated was clearly established." Collins v. Jordan, 110 F.3d 1363, 1369 (9th Cir. 1996). A clearly established right is one whose "contours ... must be sufficiently clear that a

3

reasonable official would understand what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). The right is clearly established if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001). The exact action need not have been held unlawful, but "in light of pre-existing law the unlawfulness must be apparent." Anderson, 483 U.S. at 640 (internal citations omitted). This evaluation must be "in light of the specific context of the case, not as a broad general proposition." Saucier, 533 U.S. at 201. An objective standard applies. Harlow, 457 U.S. at 818-19. Additionally, the right must be clearly established at the time of the allegedly impermissible conduct. Camarillo v. McCarthy, 998 F.2d 638 (9th Cir. 1993).

Recently, however, the Supreme Court determined that the two-step sequence set out in Saucier, while often appropriate, "should no longer be regarded as mandatory." Pearson v. Callahan, 129 S.Ct. 808, 818 (2009). A district court is permitted to exercise its "sound discretion" in deciding which prong should be addressed first "in light of the circumstances" of the particular case. Id. The present case is "so fact-bound" that it is appropriate to consider first whether Plaintiff had a clearly established right to a separate OSM group worship service at HDSP such that requiring him to meet with NOI congregants to worship violated his clearly established right.

Plaintiff has identified no law supporting the existence of a clearly established right to a separate OSM group worship service at HDSP. In light of the lack of legal precedent on this issue, it would not have been clear to a reasonable official in January 2007 that not offering separate group worship services for different Muslim sects violated Plaintiff's rights. Defendants therefore are entitled to qualified immunity on these claims. Therefore, the Court dismisses Plaintiff's claims against Defendants in their individual capacities for monetary damages.

B. RFRA Claim

Defendants have correctly asserted that this claim has been foreclosed by the Supreme Court's ruling that the RFRA is unconstitutional as applied to states and state agencies. See City of Boerne v. Flores, 521 U.S. 507 (1997). Therefore, Plaintiff's RFRA claim is dismissed.

### C. Due Process Claim

Plaintiff has asserted only generally that Defendants' actions violated his right to due process. Defendants have moved to dismiss the claim asserting that Plaintiff has failed to allege any specific facts which would support this claim. "To establish a violation of substantive due process ..., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing Plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996)(citations, internal quotations and brackets omitted), *cert. denied*, 520 U.S. 1240 (1997). Accordingly, Plaintiff's claims arise under the First Amendment and must be addressed under that particular Amendment. The Court dismisses Plaintiff's claims asserted under Due Process.

### D. State Law Claims

Defendants have also moved to dismiss Plaintiff's state law claims which are made generally without citation to specific facts other than incorporating the rest of Plaintiff's complaint. In response, Plaintiff has failed to file points and authorities in opposition to Defendants' motion to dismiss the state law claims. Accordingly, the Court dismisses any claims arising under state law.

### E. Remaining Claims for Injunctive Relief Arising Under the First Amendment, RLUIPA, and Equal Protection Clause

While the Court has granted the individually named Defendants qualified immunity from suit for monetary damages, the action for injunctive relief against Defendants in their official capacity remains. While Plaintiff will be hard pressed to show that his statutory and constitutional rights were, in fact, violated, he has met his initial burden of pleading his claims adequately. Construing the allegations of the complaint in a light most favorable to Plaintiff, the Court finds that Plaintiff has alleged facts that have raised a right to relief above the speculative level.

1       Specifically, while the Court recognizes that in the cases cited by Defendants no court has given relief to plaintiffs seeking a right to congregate in sect specific religious services, each court engaged in extremely fact specific reasoning in evaluating each statutory and constitutional claim. See Shakur v. Schriro, 514 F.3d 878, 884-892 (9th Cir. 2008) (considering the subjective belief of the plaintiff, considering other accommodations made to plaintiff by which he could practice his religion, considering specific penological interests in creating the policy at issue and the quality of the evidence presented in support of the interests); Warsoldier v. Woodford, 418 F.3d 989, 994-1000 (9th Cir. 2005) (in context of considering the likelihood of success on the merits: considering plaintiff's subjective beliefs, examining scope of regulations, examining likely alternatives, examining other accommodations of plaintiff's worship); Baranowski v. Hart, 486 F.3d 112, 119-126 (5th Cir. 2007) (considering alternative opportunities provided to prisoners to exercise faith, considering available unused alternatives, examining burden on prison staff, inmate population by religion, accommodations made to groups of similar sizes, demand for prison chapel); Adkins v. Kaspar, 393 F.3d 559 (5th Cir. 2004) (considering similar factors).

      In this case, the factual record is undeveloped because Defendants filed the present motion to dismiss in which the Court must construe the factual allegations of the complaint as true and not consider evidence outside the complaint. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001). Accordingly, the Court denies Defendants' motion to dismiss the claims for injunctive relief.

IV. Conclusion

      Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#10) is **GRANTED in part and DENIED in part**;

      IT IS FURTHER ORDERED that the claims against Defendants in their individual capacity for monetary damages are **DISMISSED**;

////

////

IT IS FURTHER ORDERED that Plaintiff's claims arising under the RFRA, Due Process Clause and State Law are **DISMISSED**.

DATED this 26th day of February 2009.

_____
Kent J. Dawson
United States District Judge